UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMONI MASUD JOHNSON, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:15-CV-1196 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| JUDGE FRED PIERANTONI, | : | |
| ET AL., | : | |
| Defendants | : | |

**MEMORANDUM**

On June 18, 2015, Plaintiff, Armoni Masud Johnson, an inmate currently incarcerated at Luzerne County Correctional Facility in Wilkes-Barre, Pennsylvania, filed the instant action, pro se, pursuant to 42 U.S.C. § 1983. (Doc. 1). Along with his complaint, Plaintiff filed an application seeking leave to proceed in forma pauperis. (Doc. 2). The complaint is before this Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing the above-captioned action, and his claims will be dismissed, without leave to amend, as frivolous or for seeking monetary relief against defendants who are immune from such relief.

**I.      BACKGROUND**

Plaintiff's claims arise from the alleged violations of his constitutional rights that occurred during the course of Plaintiff's four (4) criminal cases before

the Court of Common Pleas of Luzerne County. His complaint focuses on the alleged violations that occurred in ongoing criminal cases at Commonwealth v. Johnson, No. CP-40-CR-2713-2011 (Luzerne Cnty. C.P. filed Sept. 15, 2011) ("2713-2011") and Commonwealth v. Johnson, No. CP-40-CR-2553-2012 (Luzerne Cnty. C.P. filed July 20, 2012) ("2553-2012"). (Doc. 1, pp. 1-3, 6-10, 12-13, 19, 20-24, 30-32, 36-37, 39).

Plaintiff alleges that Judge Fred Pierantoni of the Luzerne County Court of Common Pleas caused Plaintiff's criminal trial in 2713-2011 to be unfair. (Id. at pp. 2, 30-32, 36-37, 39). Specifically, he states that Judge Pierantoni created a conflict of interest in regards to Plaintiff's trial counsel at 2713-2011, (Id. at pp. 2, 6, 31-32), and "concealed from litigation mis-conduct of opposing party." (Id. at p. 2). Additionally, he claims that Judge Pierantoni regulated "the trial and [made] it his business to keep miscarriage of justice concealed from litigation violating right to counsel for case # 2553-2012 and denying effective available remedy habeas corpus, thus resulting in unfair trail by ambush . . . ." (Id. at pp. 6-7). Finally, Plaintiff raises a claim regarding Defendant Judge Pierantoni's setting of bail, which he alleges was used as "a weapon against Plaintiff" in "2553-2012." (Id. at p. 19).

Plaintiff also alleges that Mary Phillips, an assistant district attorney with

the Luzerne County District Attorney's Office, who, according to Plaintiff, "committed perjury and made false statements against citizen Plaintiff in closing arguments in trial and withheld exculpatory evidence," defamed Plaintiff's character, "fabricated evidence and committed prosecutorial misconduct all in disregard of citizen Plaintiff's federal constitutional rights and in order to deprive citizen Plaintiff of fair trial." (Doc. 1, p. 2). He claims that a miscarriage of justice occurred when "misconduct of opposing party . . . has been concealed from litigation," (Id. at p. 8), and that "[t]he record will reflect that allege[d] victim of case #2713-2011 is confidential informant for case #2553-2012 in violation of Federal Constitution and especially Equal Protection Clause." (Id. at pp. 8-9).

Further, Plaintiff claims that Defendant Phillips committed discriminatory prosecution, perjury, malicious prosecution, and prosecutorial misconduct in 2713-2011. (Id. at p. 20). Specifically, he states that Defendant Phillips made "untrue statements" during her closing statement. (Id. at pp. 20-21, 23). Plaintiff also claims that he was the victim of "discriminatory prosecution" at Commonwealth v. Johnson, CP-40-CR-0002193-2010 (Luzerne Cnty. C.P. filed July 26, 2010) ("2193-2010"), and that his conviction at 2713-2011 was "in violation of constitution of United States of America." (Id. at p. 3).

Finally, Plaintiff alleges that in his state criminal proceeding at 2553-2012

he was "deprived from right to counsel . . . from April 26, 2013, until citizen Plaintiff began representing self on June 13, 2014." (Doc. 1, p. 3); see (Id. at pp. 36-37).

For relief, Plaintiff seeks "judgment of conviction of case #2713-2011 to be vacated and set aside and case #2553-2012 to be dismissed and case #117-2011 to be dismissed and case #2193-2012 other motions will be submitted."[1] (Id. at p. 23). Plaintiff also seeks five million dollars ($5,000,000.00) for "pain and suffering and deprivation of liberty and pursuit of happiness. . . .," and seeks five hundred thousand dollars ($500,000.00) from Defendant Phillips for Plaintiff's "pain and suffering." (Id. at p. 39).

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a

---

1. Plaintiff's challenges to the validity, or fact or length of his sentences, under section 1983 will be dismissed without prejudice. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'–the validity of the continued conviction or the fact or length of the sentence–a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.").

prisoner under 28 U.S.C. § 1915[2] if, inter alia, the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" Murray v. Toal, 2014 U.S. Dist. LEXIS 136593, at *2 (quoting Neitzke v. Williams, 490 U.S. 319 (1989)). "Under [section 1915(e)(2)(B)(i)] and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is 'based on an indisputable meritless legal theory' or a 'clearly [baseless]' or 'fantastic or delusional' factual scenario." Id. Claims can also be dismissed as frivolous pursuant to section 1915(e)(2)(B)(i) under the doctrine of res judicata. Guider v. Mauer, 2009 U.S. Dist. LEXIS 108189, at *1-2 (M.D. Pa. 2009) (Caldwell, J.).

"The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."

---

2. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is
>          immune from such relief.

Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Further, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. DISCUSSION

#### A. Res Judicata

"[R]es judicata bars a second suit where 'there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" Porter v. Cancelmi, 318 F. App'x 48, 49-50 (3d Cir. 2008) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 962 (3d Cir. 1991)). "[R]es judicata 'gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised.'" Guider, 2009 U.S. Dist. LEXIS 108189, at *4 (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990)). Res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." Id. (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). This Court has "the authority to apply the doctrine of claim preclusion or res judicata sua sponte." Id. (citing Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002); Ezekoye v. Ocwen Fed. Bank FSB, 179 F. App'x 111, 114 (3d Cir. 2006)). "We can only invoke res judicata 'if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous.'" Id. (quoting Gleash, 308 F.3d at 760).

Here, Plaintiff is barred by res judicata from relitigating his claims against

Defendants Judge Fred Pierantoni, Mary Phillips, and the Luzerne County District Attorney's Office. First, this Court dismissed those portions of Plaintiff's prior complaint that are relevant to the above-captioned action in a prior suit. See Koehler, 2015 U.S. Dist. LEXIS 42145, *16, 18-22.[3] Those dismissals represent a final judgment on the merits. See Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007)). Second, Defendants Judge Pierantoni, Mary Phillips, and the Luzerne County District Attorney's Office were parties to the previous litigation. Koehler, 2015 U.S. Dist. LEXIS 42145, at *16, 18-22. Third, in the instant action, Plaintiff is asserting the same, or very similar, claims against the Defendants that were alleged in the prior suit. See Id. Additionally, he asserts new claims that could have been presented in his prior action. See Id. Therefore, the doctrine of res judicata applies, and this Court will dismiss the complaint. See Guider, 2009 U.S. Dist. LEXIS 108189, at *1-2 (dismissing action, in part, as frivolous under the doctrine of res judicata).

---

3. In Johnson v. Koehler, et al., 2015 U.S. Dist. LEXIS 42145, Defendants Fred Pierantoni, Mary Phillips, and the Luzerne County District Attorney's Office were dismissed with prejudice due to being immune from suit. Id. at *16, 18-21.

**B.     Each Defendant is Either Immune or Not a Person for Purposes of Section 1983**

Notwithstanding res judicata, each named Defendant is either immune from suit or not a person under 42 U.S.C. § 1983.

To state a viable section 1983 claim, a plaintiff must plead the following elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

Initially, the Court finds that Defendant Judge Fred Pierantoni of the Luzerne County Court of Common Pleas is "accorded Eleventh Amendment immunity and judicial immunity in [his] official capacit[y], and [is] not [a] 'person[]' under § 1983 in that capacity." Arndt, 2014 WL 5425423, at *2. "First, when a state official is sued in his official capacity, the real party interest is the government office of which he is an agent." Id. (citing Hafer v. Melo, 502 U.S. 21, 26 (1991)). Thus, the above-captioned action, being filed against Defendant Judge Pierantoni, is actually an action against the Court of Common Pleas of Luzerne County, which is barred by the Eleventh Amendment. Id. (citing Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012)). "Furthermore, the United

States Supreme Court has long recognized that those officials performing judicial, quasi-judicial and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities." Arndt, 2014 WL 5425423, at *2. "Judges are immune from liability in Section 1983 actions for their judicial acts." Id. "A judge is liable only for non-judicial acts or acts as to which he was completely without jurisdiction." Id. (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Here, Plaintiff has failed to make any allegations that Defendant Judge Pierantoni acted outside of his jurisdiction or was involved in the alleged deprivation in any way other than in his official judicial capacity.  See (Doc. 1, pp. 2, 6-7, 19, 30-32, 36-37, 39).  Accordingly, Defendant Judge Pierantoni is entitled to judicial immunity and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Likewise, with respect to Defendant Phillips, an assistant district attorney with the Luzerne County District Attorney's Office, "[s]tate prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions." Moore v. Middlesex Cnty. Prosecutors Office, 503 F. App'x 108, 109 (3d Cir. 2012) (citing Imbler v. Pachtman, 424 U.S. 409, 431, (1976)). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an

advocate for the State, are entitled to the protections of absolute immunity." Yarris v. Cnty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Further, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." Id. at 137. Plaintiff's allegations are based on the acts allegedly taken by Defendant Phillips in the course of her role as advocate for the Luzerne County District Attorney's Office. See (Doc. 1, pp. 2, 3, 8-9, 20-21, 23). Consequently, she is entitled to immunity and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

As to Defendant Luzerne County Judiciary System, "[a] suit is barred by the Eleventh Amendment, even when the state is not a named defendant, if the state is deemed to be the real party in interest." Van Tassel v. Lawrence Cnty. Domestic Relations Section, 659 F. Supp. 672, 694 (W.D. Pa. 2009) (citing Benn v. First Judicial Dist., 426 F.3d 233 (3d Cir. 2005)). The Third Circuit Court of Appeals has stated that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities." Hayberger v. Lawrence Cnty. Adult Probation and Parole, 551 F.3d 193, 198 (3d Cir. 2008) (citing Benn,

426 F.3d 233, 240-41). According to the Third Circuit, Pennsylvania's Court entities are Commonwealth entities entitled to Eleventh Amendment immunity. Benn, 426 F.3d at 240-41. Furthermore, the Third Circuit has also found that "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." Callahan v. City of Philadelphia, 207 F.2d 668, 674 (3d Cir. 2000). Defendant Luzerne County Judiciary System is a part of Pennsylvania's unified judicial system. See 42 Pa.C.S.A. § 901(a); see also Benn, 426 F.3d at 240-41. Accordingly, Defendant Luzerne County Judiciary System will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.  Plaintiff's Attempt to Remove State Criminal Proceedings Pursuant to 28 U.S.C. § 1443

Plaintiff cites to and discusses 28 U.S.C. § 1443 in the papers filed in support of his section 1983 complaint. (Doc. 1, pp. 20-22, 36). To the extent Plaintiff is attempting to remove his pending criminal case(s) to this Court pursuant to section 1443, his request will be denied.

Pursuant to section 1443:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against

> any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A defendant seeking removal of his/her criminal case under section 1443 must abide by the requirements set forth in, <u>inter alia</u>, 28 U.S.C. § 1455. Under section 1455(a):

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

Here, under the pertinent statutes, Plaintiff has failed to file a proper notice of removal. First, rather than filing a notice of removal, he has merely cited to and discussed section 1443 in a few portions of the filings submitted in support of his section 1983 complaint. (Doc. 1, pp. 20-24, 36). Further, even if those portions of Plaintiff's complaint discussing section 1443 were construed as a notice of removal, Plaintiff's notice would still fail under section 1455. Specifically,

Plaintiff has neglected to file "a copy of all process, pleadings and orders served upon such defendant . . . in such action" as required by section 1455. See 28 U.S.C. § 1455. Furthermore, Plaintiff's notice would also be deemed untimely. A notice of removal of a criminal prosecution:

> shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown in the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). Here, of the four (4) criminal cases at issue, Plaintiff's most recent arraignment occurred on September 19, 2012, in 2553-2012.[4] Moreover, Plaintiff has not shown good cause as to why he should be granted leave to file a notice of removal pursuant to section 1443, years after his most recent arraignment.

As a result of the foregoing, to the extent that Plaintiff is seeking to remove his pending criminal cases to this Court pursuant to 28 U.S.C. § 1443, Plaintiff's request will be denied.

---

4. In 117-2012, Plaintiff was arraigned on March 7, 2012. Commonwealth v. Johnson, CP-40-CR-00117-2012 (Luzerne Cnty. C.P. filed Sept. 22, 2010). In 2713-2011, Plaintiff was arraigned on November 18, 2011. Commonwealth v. Johnson, CP-40-CR-002713-2011. In 2193-2010, Plaintiff was arraigned on October 1, 2010. Commonwealth v. Johnson, CP-40-CR-002193-2010. Additionally, 2193-2010 has been closed and thus, is no longer pending. Id.

## IV.     CONCLUSION

The doctrine of res judicata precludes Plaintiff from bringing the instant action against Defendants.  Res judicata notwithstanding, Plaintiff has brought section 1983 claims against Defendants who either are not state actors under section 1983, or who are immune from suit.  Consequently, the above-captioned action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(iii).  Finally, to the extent that Plaintiff is attempting to remove his pending criminal cases to this Court, his request will be denied.

A separate Order will be issued.

Date: July 16, 2015                                            /s/ William J. Nealon
                                                                              **United States District Judge**